ABASI BROS. *v.* LOUISVILLE & N. R. Co. ET AL.

[75 South. 756, Division B.]

TROVER AND CONVERSION. *Custody of replevied property. Delivery to wrong person.*

Where one in whose custody the sheriff has left replevied property, fails to deliver the property on the sheriff's request to the defendant in replevin who had given a replevin bond, but turns the property over to the plaintiff in replevin, such per-

son is liable to the defendant in replevin, for its conversion irrespective of the merits of the replevin suit, and notwithstanding plaintiff in the replevin suit claimed the property had been stolen and it was required for identification purposes. A judgment in such case will not affect the rights of the parties in the original replevin suit.

Appeal from the circuit court of Harrison county.
Hon. J. H. Neville, Judge.

Suit by Abasi Bros., against the Louisville & Nashville Railroad Company. From a judgment for defendants, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Mize & Mize,* for appellant.

*White & Ford* and *B. E. Eaton,* for appellee.

Ethridge, J., delivered the opinion of the court.

Abasi Bros., the appellants, are junk dealers in the city of Gulfport, Miss., and deilvered to the Louisville & Nashville Railroad Company sixteen barrels of scrap copper, brass, aluminum, and zinc for shipment to Buffalo, N. Y. The goods were received and receipted for by the Louisville & Nashville Railroad Company and started on the journey to Buffalo, N. Y. One W. T. Stewart, connected with the Gulf & Ship Island Railroad Company, and the Gulfport & Mississippi Coast Traction Company, through some arrangement with the officials of the Louisville & Nashville Railroad Company, had this junk returned to Gulfport and consigned to W. T. Stewart, care of Gulf & Ship Island Railroad Company. When this junk reached Gulfport on its return journey, the Gulfport & Mississippi Coast Traction Company sued out a writ of replevin making Abasi Bros., the Louisville & Nashville Railroad Company,

and W. T. Stewart defendants, claiming that said Gulf-port & Mississippi Coast Traction Company was the owner of said property. The sheriff took possession of the property, making the return of seizure of said property, but left it in the custody of the Louisville & Nashville Railroad Company. Abasi Bros., within the time allowed by law, gave bond as required by law for the forthcoming of the property to await and abide by the said judgment of the circuit court in the said replevin suit, and the sheriff phoned to the depot agent of the Louisville & Nashville Railroad Company and informed him that Abasi Bros., had given the bond and that the property seized should be released; but instead of the Louisville & Nashville Railroad Company delivering the property to Abasi Bros., who had given the bond as above stated, the Louisville & Nashville Railroad Company delivered it to the manager of the Gulfport & Mississippi Coast Traction Company, who receipted for it in the name of W. T. Stewart; but W. T. Stewart did not sign the receipt for the goods, and when the Abasi Bros., called for the property in question the Louisville & Nashville Railroad Company refused to give it to them, having delivered it to the Gulfport & Mississippi Coast Traction Company as above stated. Abasi Bros., thereupon filed a suit against the Louisville & Nashville Railroad Company in the circuit court of Harrison county for a conversion of the property delivered to it and for which it had given bond as above stated. The Gulf & Ship Island Railroad Company was also made a defendant to this suit. The Louisville & Nashville Railroad Company defended this suit upon the ground that Abasi Bros., were not the owners of the property and that it had delivered it to the true owners; it being contended that the property was stolen property, having been stolen from the Gulfport & Mississippi Coast Traction Company by divers parties and sold to Abasi Bros.

Abasi Bros., testified that they bought the property from various parties, and kept a list of the names of the parties; the books containing the names of the several parties and the amounts bought from each being introduced in evidence. For the defendant, the manager and employees of the Gulfport & Mississippi Coast Traction Company testified that the Gulfport & Mississippi Coast Traction Company was the only concern that bought or used aluminum wire in that vicinity, and that a portion of the goods involved in this suit was aluminum wire of the kind and character bought and used by the said Traction Company, and that in the storm in September preceding the filing of the suit its wires were blown down and a lot of it stolen from it. It also introduced evidence that certain of the parties from whom appellant bought wire were convicted of theft, and then proved that many of the names entered on the book were unknown to certain witnesses introduced for the defendant, among whom was a deputy sheriff. At the close of the evidence plaintiffs, Abasi Bros., requested a peremptory instruction as to the liability of the Louisville & Nashville Railroad Company for the property, which was refused by the court. The court granted instruction for the defendant, instructing the jury that, after the sheriff released his levy, he had no further right to control the action of the Louisville & Nashville Railroad Company with reference to the wire, and that if he did undertake so to do the Louisville & Nashville Railroad Company had a perfect right to disregard any instructions which he gave in reference to the further disposition of the wire; also instructed the jury that if they believed from the evidence that the property in question was the property of the Gulfport & Mississippi Coast Traction Company, then the Louisville & Nashville Railroad Company had the right to turn it over to the Gulfport & Mississippi Coast Traction Company, regardless of any instructions from the sheriff, and they

should find for the defendant; and further instructed that, if the property turned over to the Gulfport & Mississippi Coast Traction Company was the property of said company, plaintiffs cannot recover, even though they might have been innocent purchasers from persons in possession and claiming to be its owners, and that if they believed the property in controversy was the property of the said Traction Company they should find for the defendant.

We believe under the present record the court should have given a peremptory instruction as to the liability of the Louisville & Nashville Railroad Company for the value of the property, and submitted to the jury the question of the value of the property and damages suffered by plaintiffs. This case is different from an ordinary case where goods are consigned to a railroad company for shipment, and are delivered by the railroad company to a party other than the consignee, where the party to whom the goods are delivered is the real owner of the property. In this case the question of the ownership of the property was pending in the circuit court, and the plaintiffs had given bond for the forthcoming of the property, and by reason of giving such bond had the right to receive and hold the property, and had the option of having the property at the trial or in lieu thereof paying such sum as the value thereof as the jury might find the property was worth. There could be no doubt of the right of Abasi Bros., to the possession and control of the property, subject only to satisfying such judgment as might be rendered in the circuit court on this issue. The action of the Louisville & Nashville Railroad Company in turning this property over to the plaintiff in the replevin suit in the manner this record shows it did was nothing less than a deliberate and high-handed disregard and violation of appellants' rights. It may be that the property had been stolen, and it may be that it was very desirable for the

Traction Company to have possession of the property
for the purposes of identification; but these facts did
not warrant the Louisville & Nashville Railroad Com-
pay in delivering the property to the Traction Company
in disregard of the orders of the sheriff and the rights
of the plaintiff. It arbitrarily and without any authori-
ty whatever delivered this property to the Traction
Company, with knowledge of the plaintiffs' rights and
in disregard of the law of the land. The Louisville &
Nashville Railroad Company must suffer the conse-
quences and pay the value of the property in this suit.
It might be that plaintiff in the replevin suit would
have recovered, but delivering the property in the man-
ner it was delivered here was not authorized, and
amounted to a conversion on the part of the Louisville &
Nashville Railroad Company.

The judgment of the court below is reversed, judg-
ment entered here for the plaintiff as to liability of the
Louisville & Nashville Railroad Company, and remanded
to the court below for the purpose alone of having dam-
ages assessed by a jury. This opinion and judgment is
not to be held to affect the rights of the parties to the
replevin suit, but the trial of that issue may be pro-
ceeded with as though this suit had not been filed.

*Reversed and remamded.*